Washington Delaney *v.* A. M. Grove, Appellant.

*Contract—Farm laborer—Evidence—Charge of court.*

In an action to recover for farm work, plaintiff testified that he was to farm sixty acres of land for defendant from May 1, 1892, to April 1, 1893. Defendant, however, testified that plaintiff was to work for him as a farm laborer for one year. It appeared that when the agreement was made defendant's farm contained sixty acres, and that, about a month after plaintiff commenced work upon it, defendant purchased twenty-five acres

adjoining it.   On the land so purchased plaintiff, at defendant's request, worked thirty-five and one half days, and he claimed that this work was not included in his agreement to farm the sixty acres.   In such a case it was not improper to submit the case to the jury.

Argued May 9, 1894.   Appeal, No. 272, Jan. T., 1894, by defendant, from judgment of C. P. Union Co., March T., 1893, No. 75, on verdict for plaintiff.   Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.   Affirmed.

Assumpsit for farm work.   Before McCLURE, P. J.
The facts appear by the opinion of the Supreme Court.
Binding instructions for defendant were refused.
Verdict and judgment for plaintiff for $40.45.

*Errors assigned* were instructions, quoting them.

*J. M. Linn, P. B. Linn* with him, for appellant.

*J. C. Bucher, D. H. Getz* and *A. Everett* with him, for appellee.

OPINION BY MR. JUSTICE McCOLLUM, May 31, 1894:

There are no very difficult or very interesting questions raised by this litigation, and it is quite probable that the amount involved in it is insufficient to pay one fourth of the cost of it. But as the expense of the litigation is a matter which particularly concerns the parties and they have an undoubted right to carry it on, it is not for us to condemn or criticize them for doing so.   The dispute between them is of fact rather than of law, and it arises from a want of harmony in their recollection of the terms of a verbal agreement under which the plaintiff was to do farm work for the defendant.   There is no misunderstanding between them in relation to the compensation the plaintiff was to receive for the work he was employed to do, but they disagree as to the amount of work to be done by him and the place where it was to be performed.   The recollection of the plaintiff is that he was to farm sixty acres of land for the defendant from May 1, 1892, to April 1, 1893, while the recollection of the latter is that the former was to work for him as a farm laborer for one year.   It is conceded that when this

agreement was made the defendant's farm contained but sixty acres, and that about a month after the plaintiff commenced work upon it the defendant purchased twenty-five acres adjoining it. On the land so purchased the plaintiff, at the defendant's request, worked thirty-five and a half days, cutting brush, hauling stone and putting in a crop of wheat, and he contends that this work was not included in his agreement to farm the sixty acres, while the defendant insists that the work was covered by their agreement. The learned judge of the court below instructed the jury to find the agreement of the parties from the evidence in the case, and, if they found the plaintiff's undertaking was to farm the sixty acres only, the law implied a promise on the part of the defendant to pay him for his work on the twenty-five acres what it was worth ; but if on the other hand they found that he agreed to serve the defendant one year in the capacity of a farm laborer, the work done on the twenty-five acres was embraced in their agreement, and he could not recover anything for it in this action. We think these instructions were sound and clearly called for by the testimony. There was a material difference between the agreements set up by the contracting parties. Under that testified to by the plaintiff he was required to farm the sixty acres, but he was not bound to make or assist in making permanent improvements thereon. From the first day of May, 1892, to the 18th of January, 1893, he did the work upon the sixty acres which he says it was agreed between him and the defendant he should do there, and there is no claim or suggestion that during that time he refused or failed to perform the work required of him under the agreement as he states it. It did not take all his time to do this work, and the compensation allowed him by the agreement, as well as the conversation between them before it was made, indicate that the parties supposed it would not. Manifestly, under the agreement set up by the defendant, he could exact from the plaintiff more labor than he required or expected him to perform on the sixty acres ; by its terms he could command the services of the plaintiff as a farm laborer every working day of the year. The consideration of the agreement was obviously inadequate compensation for such service, and this fact may have influenced the jury somewhat in finding the contract between the parties.

We may add, to prevent misapprehension, that the failure of the plaintiff to do any work on the sixty acres after January 18, 1893, has no bearing on the question raised by the specifications. The defendant was compensated for this failure by a proportionate allowance or credit upon the sum he was to pay under the agreement.

The specifications of error are overruled.

Judgment affirmed.